William Edward EZZELL, et al.,
Plaintiffs–Appellants,

v.

The BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF
GEORGIA, et al., Defendants-Appellees.

No. 86–8633.

United States Court of Appeals,
Eleventh Circuit.

March 11, 1988.

Amy Totenberg, John R. Myer, Michael E. Kramer, Gen. Counsel, Ga. Ass'n of Educators, Atlanta, Ga., for plaintiffs-appellants.

Patrick W. McKee, Atlanta, Ga., Gary M. Sams, Weekes & Candler, Decatur, Ga., for defendants-appellees.

Before TJOFLAT and ANDERSON, Circuit Judges, and ROETTGER *, District Judge.

PER CURIAM:

### I.

In March 1985, the Georgia General Assembly passed a resolution, effective July 1, 1986, transferring DeKalb Community College (DCC) from the DeKalb County School System to the University System of Georgia. Once the transfer was accomplished, the Board of Regents of the University System of Georgia (the Board), an agency of the state, offered the individual appellants,[1] who had been tenured professors at DCC, continued employment at DCC, but only on a year-to-year basis; in other words, the Board refused to recognize appellants' tenure.

Appellants, seeking to protect their tenure rights, brought this suit under 42 U.S. C. § 1983 (1982)[2] against the Board and its members, the appellees, in the United States District Court for the Northern District of Georgia.[3] Appellants alleged that the State of Georgia, operating through the Board, had impaired the obligations of their contracts, specifically the tenure obligation, with DCC and the DeKalb County Board of Education and had denied them due process of law, in violation of the contracts clause of the Constitution, U.S. Const. art. 1, § 10, cl. 1, and the fourteenth amendment. Appellants prayed for an injunction requiring

---

* Honorable Norman C. Roettger, Jr., U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The appellants in this case are 26 tenured DCC professors and the Georgia Association of Educators, a voluntary association of educators whose members include members of the DCC faculty. The association seeks no relief in this case. The only claims asserted are those of the individual appellants; consequently, the association's role in this case is essentially that of an amicus curiae.

The district court did not address the question of whether the association has standing, under article III of the Constitution, to prosecute the claims for relief asserted in the complaint, and the parties have not addressed the issue in their briefs to us. We are nonetheless obliged to address it, *see Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater,* 777 F.2d 598, 606 (11th Cir.1985), and in doing so we conclude that the association lacks the requisite stake in the outcome of this controversy to satisfy article III. On receipt of our mandate, the district court shall dismiss the association as a party plaintiff in this case.

2. Appellants invoked the court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (1982).

3. Also named as defendants were the DeKalb County Board of Education and its members in their official capacities. These defendants are not parties to this appeal.

the Board and its members to recognize their tenure and to grant them the other benefits their contracts with DCC and the DeKalb County Board of Education provided.

The appellees moved the court to dismiss the suit, contending that appellants' claims should be treated as claims against the State of Georgia and were barred by the eleventh amendment.[4] The court granted the motion.[5] It held that the Board, as an arm of the state, could not be sued absent a showing that the state had waived its sovereign immunity, and that appellants had made no such showing. The court acknowledged that under the doctrine established by *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Board members could be sued in their official capacities and enjoined from engaging in unconstitutional conduct, because such a suit is not considered as a suit against the state and barred by the eleventh amendment. The court, however, viewed the *Young* doctrine as applying only where the plaintiff seeks to enjoin the enforcement of an unconstitutional state statute, and concluded that since appellants were not seeking such relief, the doctrine was inapplicable. We reverse.

## II.

Appellants concede that their claims against the Board are barred by the eleventh amendment, the State of Georgia not having waived its sovereign immunity in the premises. The only question we must decide, therefore, is whether the district court erred in its application of *Young*. We conclude that it did.

Contrary to the district court's view, the *Young* doctrine is not limited to cases in which the plaintiff seeks to enjoin a state official from enforcing an unconstitutional state statute. *Young* applies "where the

underlying authorization upon which the named official acts is asserted to be illegal" under federal law, the "violation of federal law by [the] state official is ongoing," and the relief sought will end the violation. *Papasan v. Allain*, 478 U.S. 265, 106 S.Ct. 2932, 2940, 92 L.Ed.2d 209 (1986). The case at hand fits this mold. The appellees' underlying authorization, i.e., the authority to ignore appellants' tenure, when exercised, is alleged to be repugnant to the Constitution; the appellees have exercised and are continuing to exercise that authority to appellants' detriment; and the relief appellants seek will end appellees' conduct.

Accordingly, we reverse the district court's order holding that appellants' suit against the members of the Board is barred by the eleventh amendment.

REVERSED.

---

4. The eleventh amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This amendment also proscribes suits by citizens against their own state. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

5. The district court thereafter entered judgment under Fed.R.Civ.P. 54(b) against the appellants with respect to their claims against the Board and its members.