947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard A. MILLER, Plaintiff-Appellant,
v.
Neva Jo SCHEAFFER; Adeline Mcleod, Defendants-Appellees.
 No. 90-16715.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 4, 1991.
 
 Before FLETCHER, O'SCANNLAIN and T. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard A. Miller appeals pro se the district court's grant of summary judgment in favor of defendants, Neva Jo Scheaffer and Adeline McLeod, in his action under the antiassignment provision of the Social Security Act, 42 U.S.C. § 407. We review de novo and affirm.
 
 
 3
 Summary judgment is appropriate if the evidence, construed in the light most favorable to the moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). If the nonmoving party bears the burden of proof at trial with respect to a material fact, that party is required to go beyond the pleadings and present specific facts establishing each element of his claim on which he would bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990).
 
 
 4
 Miller contends the district court erred by concluding that Miller did not have a remedy under section 407 for the defendants' attempted attachment of his Social Security benefits. Miller asserts that the attempted attachment of his bank account constituted harassment and caused him to lose his job. He seeks damages for pain and suffering, lost wages and lost Social Security benefits.
 
 
 5
 * Assignment of Social Security Benefits
 
 
 6
 Funds deriving from social security benefits are exempt from state garnishment proceedings. 42 U.S.C. § 407; see Chaloux v. Killeen, 886 F.2d 247, 248 n. 1 (9th Cir.1989). Section 407 merely prohibits any attempt to attach Social Security benefits. See Brinkman v. Rahm, 878 F.2d 263, 265 (9th Cir.1989). Declaratory or injunctive relief is the appropriate remedy under section 407. See Chaloux, 886 F.2d at 249; Brinkman, 878 F.2d at 265. The statute does not expressly provide for damages, although restitution for benefits wrongfully attached seems to be available. Cf. Brinkman, 878 F.2d at 265 n. 1 (retroactive monetary relief sought against state barred by Eleventh Amendment immunity).
 
 
 7
 Here, the defendants attempted to attach Miller's bank account after obtaining a money judgment of $387 for rent owed by Miller and $75 in court costs. Miller established that his bank account was exempt from attachment because it contained his social security benefits. The Sonoma County Municipal Court granted Miller's claim of exemption, and no funds from Miller's bank account were extracted.
 
 
 8
 Miller contends that the attempted attachment of his bank account constituted a pattern of harassment and caused "considerable pain and suffering associated with absolute beggary and destitution." Nevertheless, Miller's bank account was not attached and no funds were removed. Defendants' attempted attachment did not cause Miller to lose his job and did not affect the distribution of his Social Security benefits. The district court properly granted summary judgment for defendants.
 
 II
 Housing Discrimination Claim
 
 9
 "Ordinarily an order dismissing a complaint but not dismissing the action is not appealable under section 1291 unless circumstances make it clear that the court concluded that the action could not be saved by any amendment of the complaint." Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984) (district court's dismissal of complaint without leave to amend was an appealable order). Once the complainant files an amended complaint, the original complaint is superseded. Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1546 (9th Cir.1990).
 
 
 10
 Miller's original complaint alleged that defendants discriminated against him because he was handicapped. He brought his action under the Fair Housing Act, 42 U.S.C. § 3601 et seq. On June 8, 1990, the district court dismissed Miller's complaint with leave to amend. On July 5, 1990, Miller filed an amended complaint and motion for summary judgment asserting a claim under section 407 based on defendants' attempt to attach the funds in his bank account.[1] In his amended complaint, Miller did not replead his housing discrimination claim. In fact, Miller expressly stated that he was not seeking damages under the Fair Housing Act. Accordingly, the district court deemed the issue waived.
 
 
 11
 On appeal, Miller challenges the district court's conclusions in its June 8, 1990 order dismissing the complaint with leave to amend. Nevertheless, because Miller had leave to amend his complaint, the June 8, 1990 order was not an appealable order under 21 U.S.C. § 1291. Cf. Hoohuli, 741 F.2d at 1171 n. 1. Moreover, since Miller did not reassert his housing discrimination claim in his amended complaint, which superseded his original complaint, we decline to review it now. See Hal Roach Studios, 896 F.2d at 1546.[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, Miller described conversations he had with defendants, where defendants allegedly made remarks concerning disabled individuals. He also made general comments about his unpleasant relationship with defendants
 
 
 [2]
 Generally, this court "will not consider issues raised for the first time on appeal," unless the proponent demonstrates exceptional circumstances warranting review to prevent a miscarriage of justice, or "a new issue arises while appeal is pending because of a change in the law, or.... the issue presented is purely one of law" and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985). Here, exceptional circumstances do not exist and Miller's discrimination claim is not purely one of law