65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE OF NEVADA OFFICE OF PROTECTION & ADVOCACY; Patty Folk,
Philip Levine; Thomas Fenton; Patricia McGonagle;
on behalf of themselves and others
similarly situated,
Plaintiffs-Appellants,
v.
Bob MILLER, Governor of the State of Nevada; Frankie Sue Del
Papa, Attorney General of the State of Nevada; Scott
Graigie, Director, Nevada Department of Human Resources;
Sharon Ezell, Administrator, Nevada Bureau of Health
Facilities; Jerry Zadney, Administrator, Nevada Division of
Mental Hygiene and Mental Retardation, Defendants-Appellees.
 No. 94-15173.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1995.*
Decided July 25, 1995.
 
 Before: CHOY, CANBY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The State of Nevada Office of Protection and Advocacy and those it represents (OPA) appeal the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of OPA's 42 U.S.C. Sec. 1983 action for declaratory and injunctive relief brought against Miller and other Nevada state officials. We affirm.
 
 
 3
 1. The action by OPA is fundamentally flawed. In order to establish a Sec. 1983 claim a plaintiff must prove: (1) that he was deprived of a right, privilege, or immunity protected under the Constitution or laws of the United States; and (2) that the defendant who so harmed him was a state actor or acted under color of state law. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 2753-54, 73 L. Ed. 2d 482 (1982); Redman v. County of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1074, 112 S. Ct. 972, 117 L. Ed. 2d 137 (1992). Perhaps, as OPA argues, it can show that private hospitals and their minions were able to and did use Nevada Revised Statutes Secs. 443A.150-.240 improperly when they confined people who were alleged to be mentally disturbed. Cf. Pinhas v. Summit Health, Ltd., 894 F.2d 1024, 1033-34 (9th Cir. 1989), aff'd, 500 U.S. 322, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991); Mathis v. Pacific Gas & Elec. Co., 891 F.2d 1429, 1431 (9th Cir. 1989). Perhaps, also, those private hospitals engaged in state action when they did so. See Cummings v. Charter Hosp., No. 23603, 1995 WL 323093, at * 8 (Nev. Sup. Ct. May 25, 1995). However, that does not help OPA because it did not sue private hospitals in this action. Rather, it sued a number of state officials who had nothing to do with the commitments in question. Before OPA could maintain an action against those state officials, it had to connect them to the claimed wrong. See Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S. Ct. 2777, 2786, 73 L. Ed. 2d 534 (1982); Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir. 1989); Collins v. Womancare, 878 F.2d 1145, 1156 (9th Cir. 1989), cert. denied, 493 U.S. 1056, 110 S. Ct. 865, 107 L. Ed. 2d 949 (1990); Carlin Communications, Inc. v. Mountain States Tel. & Tel. Co., 827 F.2d 1291, 1295 (9th Cir. 1987), cert. denied, 485 U.S. 1029, 108 S. Ct. 1586, 99 L. Ed. 2d 901 (1988). It did not. The state officials whom OPA sued could not be enjoined to cease doing that which they were not doing in the first place. The district court properly granted their motion to dismiss.
 
 
 4
 2. OPA now claims that it should have been given leave to amend its complaint, even though amendment appeared futile and OPA did not ask to amend. Of course, we recognize the general rule that leave to amend should normally be granted. See Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990). OPA says it could have selected different defendants, or selected different plaintiffs, or alleged wrongs by public rather than private hospitals. But we have never asked a district judge to go that far toward attempting to "somehow ... divine on his own whether the complaint could conceivably be amended to state a claim." Vincent v. Trend W. Technical Corp., 828 F.2d 563, 570 (9th Cir. 1987); see also Black v. Payne, 591 F.2d 83, 89 (9th Cir.), cert. denied, 444 U.S. 867, 100 S. Ct. 139, 62 L. Ed. 2d 90 (1979); Jackson v. American Bar Ass'n, 538 F.2d 829, 833 (9th Cir. 1976). This court has never suggested that district judges, hierophants though they may be, must guess that a plaintiff really means to sue different people, or for different people, or for wrongs different from those spelled out in the complaint. Here, OPA claimed that private hospitals were taking advantage of an inadequate state law for the purpose of obtaining private financial gain by detaining the individuals whom OPA was representing. It is now too late to amend to claim different wrongs by different parties directed against different persons.
 
 
 5
 3. We decline to exercise our discretion to impose sanctions upon OPA on the theory that it has filed a frivolous appeal. See Hyde & Drath v. Baker, 24 F.3d 1162, 1172-73 (9th Cir. 1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3