**Joseph HADDAD, Plaintiff,**

**v.**

**State of CALIFORNIA; Scott E. Wall; and Does 1 through 20, Incl., Defendants.**

**No. EDCV 98–0130–RT (VAPx).**

United States District Court, C.D. California.

Aug. 24, 1999.

E. Thomas Barham, Jr., Barham & Ostrow, Los Alamitos, CA, for plaintiff.

Bill Lockyer, Attorney General of the State of California, Karen M. Walter, Deputy Attorney General, Kyungah Suk, Deputy Attorney General, San Diego, CA, for defendants.

PROCEEDINGS: ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; (2) ORDERING THE THIRD AMENDED COMPLAINT BE FILED FORTHWITH; AND (3) ORDERING DEFENDANT SCOTT E. WALL TO FILE AN ANSWER TO THE THIRD AMENDED COMPLAINT WITHIN 23 DAYS OF THE DATE OF THIS ORDER.

TIMLIN, District Judge.

The Court has read and considered Defendants State of California and Scott E. Wall's ("Wall") (collectively, "Defendants") motion to dismiss, Plaintiff Joseph Haddad's ("Haddad") opposition, and Defendants' reply papers. Based on such consideration, the Court concludes as follows:

## I.

### BACKGROUND[1]

On May 14, 1997, Plaintiff Haddad received a traffic citation from California Department of Highway Patrol Officer (and Defendant) Wall for failure to stop at the direction of a traffic sign. At the trial for this infraction, held on June 30, 1997 in the Long Beach Municipal Court, Wall testified that Plaintiff admitted to him that he had "run" the stop sign. He also testified that he staked out the area of the alleged violation at the request of the principal of Hills Middle School. Both statements were false. Haddad testified at the trial but was convicted. Wall did not inform the court or Haddad that he had a tape recording of his conversation with Haddad made at the time of the vehicle stop, nor did he disclose the fact that the tape recording disproved Wall's testimony that Haddad "admitted" the violation.

On July 30, 1997, Plaintiff made a telephone complaint to a California Highway Patrol ("CHP") official, informing the official that Officer Wall had testified falsely as to the above two matters. The CHP did a pro forma investigation and exonerated Wall.

On December 29, 1997, Officer Wall filed a complaint, pursuant to California Civil Code § 47.5 ("section 47.5"), in Small Claims Court against Haddad. The complaint alleged that Haddad "knowingly filed a false" complaint with the CHP which accused Wall of perjury, a felony.[2] Wall's complaint prayed for $5,000.00 in damages. Trial was held on March 31, 1998. Wall prevailed at this trial through false and misleading testimony and obtained a $5,000 judgment against Haddad. Wall also prevailed in a trial de novo held on June 10, 1998 in the Superior Court of the State of California in and for the County of Los Angeles, and was awarded $5,000 in damages, plus $40 in costs, and $150 in attorney's fees.

1. The following statement of facts is derived from the second amended complaint ("SAC"), the allegations of which must be accepted as true for purposes of this motion.

2. Section 47.5 provides that, "Notwithstanding Section 47 [which provides a privilege from suit for statements made against public officials, including citizen complaints], a peace officer may bring an action for defamation against an individual who has filed a complaint with that officer's employing agency alleging misconduct, criminal conduct, or incompetence, if that complaint is false, the complaint was made with knowledge that it was false and that it was made with spite, hatred, or ill will. Knowledge that the complaint was false may be proved by a showing that the complainant had no reasonable grounds to believe the statement was true and the complainant exhibited a reckless disregard for ascertaining the truth."

On May 4, 1998, Haddad filed a complaint against Wall and various executive and legislative officials of the State of California in the United States District Court for the Central District of California. Haddad filed a second amended complaint ("SAC") on January 11, 1999, naming only Wall and the State of California as defendants: In his SAC, Haddad sets forth four claims for relief.

In his first claim, Haddad alleges that Wall deprived him of his constitutional right to procedural due process in violation of 42 U.S.C. § 1983 when he withheld notice of, and access to, the tape recording of Haddad and Wall's discussion at the time the citation was issued. In his second claim, Haddad alleges that Wall burdened his speech and petition rights guaranteed by the United States Constitution in violation of 42 U.S.C. § 1983 ("section 1983") when Wall sued Haddad pursuant to section 47.5. In his third claim, asserted against Defendant Wall, Haddad alleges that section 47.5 violates the guarantees of equal protection of the laws provided by the United States and California constitutions. In his fourth claim, asserted against Defendants State of California and Wall, Haddad seeks a declaration that section 47.5 is unconstitutional on its face and as applied and an injunction prohibiting Wall and the State of California from executing on the judgment Wall obtained against him in state court.

Defendants filed this motion to dismiss the SAC with prejudice under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II.

## ANALYSIS

### A. State Sovereign Immunity Precludes Haddad's Action With Regard to Defendant State of California.

■ Defendants argue that the Court should dismiss the SAC with regard to the State of California because state sovereign immunity precludes Haddad from naming the State of California as a defendant in an action against it in federal court, no matter what relief is sought.[3] "After more thorough research on this matter, [Haddad] agrees that [he] may not seek declaratory or injunctive relief directly against the State of California."[4] Therefore, the Court will dismiss the SAC with regard to Defendant State of California.[5]

### B. The State of California's Sovereign Immunity Does Not Preclude Haddad's Fourth Claim for Injunctive and Declaratory Relief With Regard to Defendant Wall.

Defendants contend that the Court should dismiss Haddad's fourth claim for relief with regard to Wall. In this claim, Haddad seeks a declaration that section 47.5 is unconstitutional on its face and as

**3.** Defendants actually argued that "Eleventh Amendment immunity" precludes the State of California from being named as a defendant in an action filed in federal court. In the interim, however, the Supreme Court has explained that "Eleventh Amendment immunity" is really a misnomer and that "state sovereign immunity" is a more appropriate designation. *See Alden v. Maine,* —— U.S. ——, 119 S.Ct. 2240, 2246, —— L.Ed.2d —— (1999). The Court will adhere to this new nomenclature.

**4.** In light of his recognition that state sovereign immunity precludes him from seeking declaratory or injunctive relief directly against the State of California, Haddad has lodged with his opposition a proposed third

amended complaint which names only Wall as a defendant.

**5.** The dismissal will be without prejudice since the Court has not reached the merits of the SAC with regard to the State of California and because Haddad may be able to file his action against the State of California in state court. *See* William W Schwarzer et al., Federal Civil Procedure Before Trial § 9:110.1, at 9–25–9–26 (1998); *see also Frigard v. United States,* 862 F.2d 201, 204 (9th Cir.1988) ("[Unless there is no court competent court to here the case,] a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

applied and an injunction prohibiting Wall from executing the judgment he obtained against Haddad. Defendants contend that Wall has no connection with enforcement of section 47.5 and that because of this, state sovereign immunity precludes Haddad's fourth claim for relief with regard to him.

■ State sovereign immunity precludes suits for damages in federal court against a state official acting in his official capacity. *See Papasan v. Allain,* 478 U.S. 265, 278, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). It does not, however, preclude suits for damages in federal court against state officials acting in their individual capacity. *See id.* n. 11. Haddad's SAC contains no allegations concerning whether relief is sought against Wall in his official or unofficial capacities. Allegations that he was acting within the scope of his employment and under color of state law do not, independently or together, amount to an allegation that the relief is sought against him in his official capacity. *See, e.g., Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (noting that official-capacity suits generally only represent a way of pleading an action against an entity of which an officer is an agent and that personal capacity suits can proceed against an officer who acted under color of state law).

To the extent that Haddad seeks relief against Wall in his individual capacity, state sovereign immunity poses no bar to this suit regardless whether Haddad is seeking damages, injunctive relief, or declaratory relief. To the extent Haddad seeks relief against Wall in his official capacity, state sovereign immunity bars recovery of damages, *see Papasan,* 478 U.S. at 278, 106 S.Ct. 2932, but may not necessarily bar injunctive or declaratory relief.

■ In *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court held that the state sovereign immunity does not bar a suit which seeks to enjoin an official from taking action pursuant to an unconstitutional statute. *See id.* at 149–156, 28 S.Ct. 441; *cf. Rounds v. Oregon State Bd. of Higher Educ.,* 166 F.3d 1032, 1036 (9th Cir.1999) ("*Ex Parte Young* provide[s] a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities."). Thus, if *Ex Parte Young*'s exception to state sovereign immunity applies, state sovereign immunity will not preclude the Court from considering Haddad's claim for injunctive and declaratory relief against Wall even if it seeks relief against him in his official capacity. *See id.*

■ The *Ex Parte Young* exception applies where (1) the underlying authorization upon which the named official acts is asserted to be illegal under federal law; (2) the violation of federal law by the state official is ongoing or sufficiently imminent; (3) and the relief sought will end the violation. *Ezzell v. Board of Regents,* 838 F.2d 1569, 1571 (11th Cir.1988) (citing *Papasan,* 478 U.S. at 277–78, 106 S.Ct. 2932).

■ Haddad's request for injunctive relief, by which he seeks to prohibit Wall from executing the judgment obtained pursuant to section 47.5 against him, fits neatly within the *Ex Parte Young* exception. Haddad claims that section 47.5 is unconstitutional as enacted and as applied in this case; enforcement of the judgment seems to be sufficiently imminent at this stage of the litigation; and granting Haddad the injunctive relief he seeks would end the violation. Haddad's request for declaratory relief also seems appropriate insofar as section 47.5's constitutionality as enacted, and as applied against Haddad, is the key issue on which his request for injunctive relief relies.

Defendants contend that Wall is not a proper defendant with regard to Haddad's request for injunctive and declaratory relief since, according to Defendants, he has no direct connection with the enforcement of the "allegedly unconstitutional Civil

Code section 47.5." [6] According to Defendants, the *Ex Parte Young* exception to state sovereign immunity only applies where the state officials sued "have some connection with the enforcement of the [allegedly unconstitutional act] act."

▇ Defendants are correct in their statement of the law: Whether a suit is for injunctive or declaratory relief, the *Ex Parte Young* exception does only apply where the state official sued has some connection with the enforcement of the allegedly unconstitutional act. *See Ex Parte Young*, 209 U.S. at 157, 28 S.Ct. 441. Moreover, in the absence of this "connection," the suit is really one against the state and is barred by state sovereign immunity. *See id.* (distinguishing *Fitts v. McGhee*, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1899)).[7] Defendants, however, are incorrect in their application of the foregoing legal principle to the fourth claim since Wall's actions *are* sufficiently connected to section 47.5 to render him a proper defendant with regard to Haddad's request for injunctive and declaratory relief. *See Finberg v. Sullivan*, 634 F.2d 50, 54 (3d Cir.1980) (en banc); *Chaloux v. Killeen*, 886 F.2d 247, 251–52 (9th Cir. 1989).

In *Finberg*, the plaintiff, (i.e., Finberg) was a 68–year–old widow whose sole source of income was social security. A third party sued her in Pennsylvania's Court of Common Pleas to enforce a debt, and Finberg defaulted. The third party moved to execute the judgment by initiating a garnishment of Finberg's checking and savings accounts which contained only money that she had received as social security benefits. The Social Security Act exempted social security benefits from attachment and garnishment. The Prothonotary of Philadelphia County ("Prothonotary")[8] issued a writ which was served by the Sheriff of Philadelphia County ("Sheriff") on the bank where Finberg kept her accounts. Finberg moved in state court to set aside the garnishment, which a judge ultimately did.

During the pendency of the state court proceedings, Finberg also filed a suit in federal court against the Prothonotary and Sheriff. The complaint alleged causes of action against the defendants pursuant to 42 U.S.C. § 1983. After the garnishment was set aside, the complaint was amended to seek a declaration that the garnishment proceedings were unconstitutional because (1) they did not provide her, or others

**6.** Despite Defendants' contention, the Court cannot ignore the fact that the State of California is vigorously providing a defense for Wall, who in filing his Section 47.5 action against Haddad was seeking money damages for himself only, not for the state of California. The State of California's representation of Wall is an implicit acknowledgment that Wall has a direct connection with the enforcement of Section 47.5, though the Court will not rely upon it for the purposes of the present analysis.

**7.** In *Fitts*, the Supreme Court held that state sovereign immunity precluded a suit in federal court which sought to enjoin the governor and attorney general of the State of Alabama, "and all persons whomsoever" from instituting any proceeding against the plaintiff pursuant to a state forfeiture statute. The Court held that "although the state of Alabama was dismissed as a party defendant, [the] suit was really one against the state," *Fitts*, 172 U.S. at 529, 19 S.Ct. 269, because "neither of the state officers named held any special relation

to the particular statute alleged to be unconstitutional." *Id.* at 530, 19 S.Ct. 269. The Court explained its rationale as follows: "If, [merely] because they were law officers of the state, a case could be made for the purpose of testing the constitutionality of the statute, by an injunction suit brought against them, then the constitutionality of every act passed by the legislature could be tested by a suit against the governor and the attorney general.... That would be a very convenient way for obtaining a speedy judicial determination of questions of constitutional law which may be raised by individuals, but it is a mode which cannot be applied to the states of the Union consistently with the fundamental principle that they cannot, without their assent, be brought into any court at the suit of private persons." *Id.*

**8.** Black's Law Dictionary 1224 (6th ed.1990) defines "prothonotary" as "[t]he title given (in *e.g.* Pennsylvania) to an officer who officiates as principal clerk of some courts."

similarly situated, adequate protections against the garnishment of exempt property and thus violated her right to procedural due process and (2) they conflicted with the Social Security Act and were thus void under the supremacy clause. The district court found no constitutional deficiencies in the procedures afforded in the garnishment proceedings and granted summary judgment to the defendants. Finberg appealed.

On appeal, the issue of whether the Prothonotary and Sheriff were the proper defendants for *Ex Parte Young* purposes was raised. The Third Circuit held that they were. *See id.* at 54. According to the Third Circuit, the test is not who is the most appropriate defendant but "whether the complaint has named defendants who meet the prerequisites to adjudication in federal court." *Id.* at 53. The Third Circuit explained:

> In the present case, the duties of the prothonotary and the sheriff in connection with the postjudgment garnishment procedures consist of issuing the writ of execution and serving it on the garnishee. Their performance of these duties had the same effect on the plaintiff's rights that the Supreme Court found critical in *Ex Parte Young*. Their actions were the immediate causes of the attachment and freezing of Mrs. Finberg's bank accounts. If the rules that they were executing are unconstitutional, their actions caused an injury to her legal rights. On the basis of the reason-

ing employed in *Ex Parte Young*, we find that they are parties to her dispute over the constitutionality of these rules and properly named as defendants in her suit.

> This conclusion is not altered by the fact that the duties of the prothonotary and the sheriff are entirely ministerial. Under *Ex Parte Young* the inquiry is not into the nature of an official's duties but into the effect of the official's performance of his duties on the plaintiff's rights. . . .

> Nor do we retreat from this conclusion on any notion that these defendants have an insufficient interest in the constitutionality of the rules to be adverse to Mrs. Finberg. Once the prothonotary and the sheriff have relied on the authority conferred by the Pennsylvania procedures to work an injury to the plaintiff, they may not disclaim interest in the constitutionality of these procedures. That course of action would be inconsistent with their obligations to respect the constitutional rights of citizens. In fact, the prothonotary and the sheriff have displayed no lack of interest in defending the constitutionality of the rules. They presented a successful defense in the district court and have continued a vigorous defense in this court.

*Id.* at 54 (citations omitted); *see also Chaloux,* 886 F.2d at 251.[9]

 The *Finberg* court's reasoning is instructive here. Like the defendants in *Finberg*, Haddad contends that Wall was acting under color of state law;[10] Wall

---

9. In *Chaloux,* the Ninth Circuit was faced with facts similar to those presented in *Finberg.* Plaintiffs in *Chaloux,* who lived in Idaho, had writs of execution and notices of garnishment served upon their joint bank account which contained only social security benefits. Although the *Chaloux* plaintiffs ultimately recovered their money, they filed suit, pursuant to 42 U.S.C. § 1983, against the sheriff who had served the writs and notices on their account, seeking a declaration that Idaho's statutory scheme of post-judgment execution and garnishment deprived them of property without due process and violated the supremacy clause by allowing the garnishment of funds which should have been exempt under federal law (i.e., social security

benefits). The district court granted summary judgment to the defendants on the grounds that they were improper defendants for *Ex Parte Young* purposes. The Ninth Circuit disagreed. Relying upon *Finberg* and its reasoning, *see id.* at 252, the court found that the sheriffs were proper defendants for *Ex Parte Young* purposes. *See id.* Accordingly, it reversed the district court's grant of summary judgment.

10. Though the Court need not, and accordingly will not, decide the issue within the context of this motion, the Court notes that Wall need not have been acting within the scope of his employment in order for his actions to be deemed "under color of state law" since pri-

acted pursuant to a statute which purportedly is unconstitutional on its face and/or in practice; and Haddad's injury was caused by Wall's actions. Wall therefore is a proper defendant, pursuant to *Ex Parte Young,* with regard to Haddad's fourth claim for injunctive and declaratory relief. Accordingly, Defendants' motion to dismiss Haddad's fourth claim for relief against Wall will be denied.

## C. *Heck v. Humphrey* Does Not Bar Haddad's Section 1983 Claims.

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that where a plaintiff's success on a section 1983 claim seeking damages would necessarily imply the invalidity of the plaintiff's criminal conviction arising out of the same action at issue in the section 1983 claim, the section 1983 claim is barred until the conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 487, 114 S.Ct. at 2372. Defendants contend that, pursuant to *Heck,* Haddad's first claim is barred because Haddad's success on it would necessarily imply the invalidity of his conviction for the traffic violation.[11] Haddad contends that *Heck* is not applicable here because he is not in custody. Haddad is correct.

In *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), five justices expressed the view that a section 1983 plaintiff who is *not* " 'in custody[ ]' " may bring a § 1983 action establishing the unconstitutionality of a conviction . . . without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." *Id.* at 990 (Souter, J., O'Connor, J., Ginsburg, J., and Breyer, J., concurring); *cf. id.* at 992 n. 8 (Stevens, J., dissenting) ("Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice SOUTER explains, that he may bring an action under § 1983."). Although Defendants contend that Justice Souter's opinion in *Spencer* did not garner a sufficient number of votes to be a true holding, the majority of U.S. Circuit and District Court cases since *Spencer* have followed, or adopted the reasoning in, Jus-

vate citizens are subject to section 1983 suits to the extent that their actions constitute "state action." *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ("If the challenged conduct of [defendants] constitutes state action as delimited by our prior decisions, then that conduct was also action under color of state law and will support a suit under § 1983."). A private citizen's actions can constitute "state action" where (1) the citizen "by the exercise of some right or privilege created by the State" deprives another of a federal right and (2) "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Id.* at 937, 102 S.Ct. at 2753–54. This latter requirement will be met where the section 1983 defendant is "a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* at 937, 102 S.Ct. at 2754. Thus, in *Lugar,* the Supreme Court held that private citizens acted under color of state law where they actively and voluntarily participated with state officials in

depriving the plaintiff of his property pursuant to a prejudgment attachment procedure which did not contain constitutionally-required procedural safeguards. *See id.* at 941–42, 102 S.Ct. at 2756; *see also Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (holding that private litigant's use of peremptory challenges in a civil case constitutes state action); *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948).

11. Haddad's first claim alleges that Wall deprived him of his constitutional right to procedural due process in violation of 42 U.S.C. § 1983 when he withheld notice of, and access to, the tape recording of Haddad and Wall's discussion at the time the citation was issued, thereby depriving him of the opportunity to present exculpatory evidence at the traffic infraction trial. If successful on this claim, such a decision might imply the invalidity of his conviction for the traffic violation because such conviction may have resulted from Wall's not disclosing the existence of the tape recording and its content.

tice Souter's concurring opinion. *Compare Jenkins v. Haubert,* 179 F.3d 19, 25–26 (2d Cir.1999), *Carr v. O'Leary,* 167 F.3d 1124, 1127 (7th Cir.1999), *White v. Phillips,* 34 F.Supp.2d 1038, 1041–42 (W.D.La.1998), *Johnson v. Freeburn,* 29 F.Supp.2d 764, 775 (E.D.Mich.1998) *and Zupan v. Brown,* 5 F.Supp.2d 792, 797 (N.D.Cal.1998) *with Figueroa v. Rivera,* 147 F.3d 77, 81 n. 3 (1st Cir.1998).

The Court will adhere to the reasoning in Justice Souter's *Spencer* concurrence that a section 1983 claim is not barred under the rule of *Heck* unless the section 1983 plaintiff is in custody. Since Haddad is not in custody, the Court will deny Defendants' motion to dismiss insofar as it seeks dismissal of Haddad's first claim based on *Heck v. Humphrey.*

## D. The Court Has Subject Matter Jurisdiction over Haddad's SAC.

Defendants contend that the Court lacks subject matter jurisdiction over Haddad's SAC because "the gravamen of [the SAC] is that the state courts in Long Beach reached the wrong result on Scott Wall's small claim lawsuit against Joseph I. Haddad." The Court disagrees with the premise of Defendants' argument and therefore will deny its motion to dismiss for a lack of subject matter jurisdiction. The gravamen of Haddad's SAC is that Officer Wall purposefully withheld from Haddad and the traffic court evidence to which Haddad was entitled and which may have caused him not to have been convicted of the alleged traffic violation. As a result of Wall's conduct relating to the traffic violation trial in which Haddad was convicted, Haddad complained to Wall's superior regarding such conduct. Due to such complaint having been filed, Wall filed an action against Haddad under Section 47.5—a facially unconstitutional statute—and inflicted injury upon Haddad as result of his receiving a judgment against Haddad in that case. The Court clearly has subject matter jurisdiction over Haddad's claims in this action.

## E. Wall Is Not Necessarily Entitled to Qualified Immunity.

Defendants contend that Wall is entitled to qualified immunity with regard to Haddad's second and third claims. In these claims, Haddad alleges that Wall, by filing and prosecuting an action pursuant to section 47.5 against him in small claims court, (1) injured him pursuant to a statute which contravenes the First Amendment; (2) unlawfully retaliated against him for pursuing his first amendment rights; (3) deprived him of the right to a jury trial, the assistance of counsel, and pretrial discovery; and (4) deprived him of his right to equal protection, all in violation of section 1983.

"*Government officials* are given qualified immunity from civil liability under section 1983 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jensen v. City of Oxnard,* 145 F.3d 1078, 1085 (9th Cir.1998) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). However, private parties whose actions nonetheless constitute state action for purposes of section 1983, *see supra* note 7, are typically not entitled to qualified immunity. *See, e.g., Richardson v. McKnight,* 521 U.S. 399, 117 S.Ct. 2100, 2108, 138 L.Ed.2d 540 (1997) (holding that prison guards in privately-owned prisons are not entitled to qualified immunity against section 1983 liability); *Wyatt v. Cole,* 504 U.S. 158, 168–69, 112 S.Ct. 1827, 1834, 118 L.Ed.2d 504 (1992) (holding that qualified immunity is unavailable for private defendants facing section 1983 liability for invoking a state replevin, garnishment, or attachment statute which allegedly lacks constitutionally-required procedural safeguards).

In this case, Haddad alleges that Wall was acting at all times within the scope of his employment. However, whether or not Wall was actually acting within the scope of his employment when he filed suit against Haddad pursuant to section 47.5 in

small claims court is a legal question that will be resolved based, to some extent, on uncontroverted predicate facts and legal arguments not presently before the Court. *Cf. Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 2287, 141 L.Ed.2d 662 (1998) (noting in a Title VII case that, "a holding that ... conduct falls within the scope of employment ultimately expresses a conclusion not of fact but of law"); *Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993) (noting in a Federal Tort Claims Act case that, "[w]hether [defendant] acted within the scope of his employment is a mixed question of law and fact").

In light of this, it would be entirely premature to dismiss the SAC with regard to Wall on the basis of qualified immunity. Moreover, even if Wall were a person potentially entitled to qualified immunity with regard to the SAC, he has moved for a finding of qualified immunity with regard to only one theory of section 1983 liability (i.e., that Wall deprived Haddad of due process rights when he sued him in small claims court), whereas the SAC's second and third claims for relief set forth at least three other alleged constitutional deprivations by Wall. Accordingly, the Court will deny Defendants's motion to dismiss insofar as it seeks to dismiss Haddad's second and third claims for relief based on Wall's entitlement to qualified immunity.

### III.

### DISPOSITION

IT IS ORDERED THAT:

(1) Defendants' motion to dismiss the second amended complaint is GRANTED without prejudice with regard to Defendant State of California.

(2) Defendants' motion to dismiss the second amended complaint is DENIED with regard to Defendant Scott E. Wall.

(3) The Clerk of the Court shall file Haddad's proposed third amended complaint ("TAC") forthwith.

(4) Defendant Scott Wall shall file an answer to the TAC within 23 days of the date of this order.