UNITED STATES of America, Plaintiff–Appellee,

v.

Maryland TUNSTALL, Defendant–Appellant.

No. 93–2206.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1993.

Decided Feb. 18, 1994.

Counsel who presented argument on behalf of the appellant was Ronald E. Schwartz, Cincinnati, OH.

Counsel who presented argument on behalf of the appellee was Sam C. Bertolet, St. Louis, MO.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Maryland Tunstall appeals the district court's [1] denial of his motion for relief under 28 U.S.C. § 2255 (1988). We affirm.

## I. BACKGROUND

In 1985, Tunstall was indicted for various drug offenses. At sentencing, Tunstall challenged five factual allegations contained in the pre-sentence investigation (PSI), four of which pertained to the amount of drugs involved in Tunstall's criminal acts.[2] The district court determined that the amount of drugs would not be a factor in the sentencing determination and sentenced Tunstall to two concurrent terms of twelve years and five years. His conviction was upheld on direct appeal. *See United States v. Sweeney*, 817 F.2d 1323 (8th Cir.), *cert. denied*, 484 U.S. 866, 108 S.Ct. 189, 98 L.Ed.2d 141 (1987).

■ Tunstall then filed a motion for post-conviction relief pursuant to § 2255, alleging that he should be resentenced because factual disputes relevant to sentencing were not resolved by the court and because he received ineffective assistance of counsel at sentencing. The district court denied the motion, and Tunstall has appealed.[3]

## II. DISCUSSION

### A. Factual Disputes at Sentencing

■ At the time Tunstall was sentenced, Federal Rule of Criminal Procedure 32(c)(3)(D) provided that, when a defendant challenged the factual accuracy of any matter contained in a PSI, the district court was required to "make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter

controverted will not be taken into account in sentencing." Though Tunstall is correct when he contends the district court did not make factual findings with regard to the disputed matters, he is incorrect when he contends that such a finding was required. The plain language of the rule permitted the course of action taken by the district court in this case. *See also Poor Thunder v. United States*, 810 F.2d 817, 826 (8th Cir.1987) ("[T]he District Court sufficiently indicated that it would not consider the disputed matters in imposing sentence.").

### B. Ineffective Assistance of Counsel

■ The district court rejected Tunstall's claim of ineffective assistance because he failed to raise the issue "at trial, at his sentencing, or on direct appeal." *United States v. Tunstall*, No. 85–139–CR, slip op. at 2 (E.D.Mo. April 15, 1993). This rationale is not applicable. Numerous decisions from this court make clear that claims of ineffective assistance of counsel are normally raised for the first time in collateral proceedings under 28 U.S.C. § 2255. *E.g., United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir.1990); *United States v. Lewin*, 900 F.2d 145, 149 (8th Cir.1990).[4] Notwithstanding this error, we affirm the district court's judgment.

■ To succeed on this claim, Tunstall must demonstrate that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment ... [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In an attempt to meet this burden, Tunstall contends that his counsel failed to make any attempt to correct the information

1. The Honorable Clyde S. Cahill, Senior United States District Judge for the Eastern District of Missouri.

2. The fifth allegation involved a misstatement regarding Tunstall's brother. The nature of this misstatement is not reflected in the briefs.

3. At some time during these proceedings, Tunstall was released on parole. Despite the district court's indications to the contrary, this change in Tunstall's status is not relevant because a parolee is still considered to be in the custody of the

government. *Piercy v. Black*, 801 F.2d 1075, 1077 n. 2 (8th Cir.1986).

4. We have held that, in those rare instances in which a claim of ineffective assistance of counsel can be determined without development of a record, we will consider the issue on direct appeal. *E.g., Ford*, 918 F.2d at 1350. We wish to make clear, however, that a criminal defendant is not *required* to raise the claim on direct appeal, even if he could do so.

contained in the PSI. We disagree; clearly, counsel did all that could be done by bringing the alleged errors to the district court's attention. Once the district court determined that it would not consider those issues in sentencing Tunstall, there was no avenue for Tunstall's attorney to do any more. In short, we do not see (and Tunstall does not suggest) what more his attorney could have done for him.[5]

## III. CONCLUSION

We reject Tunstall's contention that the district court failed to follow the requirements of Federal Rule of Criminal Procedure 32 and that his attorney provided ineffective assistance by failing to correct alleged errors in the PSI. The district court is affirmed.

5. We reject Tunstall's contention that the district court erred in denying him an evidentiary hearing because a hearing would not have been helpful in resolving these issues.