Duaut A. DUAMUTEF, Plaintiff,

v.

Thomas MORRIS, Shield # 29501; Victor J. Hernandez, Shield # 2443; Daniel Mullins, Shield # 27810, Defendants.

No. 96 Civ. 1115(SS).

United States District Court, S.D. New York.

Jan. 29, 1997.

Duaut A. Duamutef, Alden, NY, pro se.

Paul A. Crotty, Corporation Counsel of the City of New York, New York City (Norma Kerlin, of counsel), for defendants.

## MEMORANDUM OPINION
## AND ORDER

SOTOMAYOR, District Judge.

*Pro se* plaintiff, Duaut Duamutef, an inmate at Wende Correctional Facility, brings this action for monetary damages under 42 U.S.C. § 1983. He alleges that his state criminal conviction was based upon the wrongful conduct of the defendants, all New York City police officers, who orchestrated his arrest and coerced witnesses to testify against him falsely at trial in retaliation for his involvement with the New African Liberation Movement.

Defendant Morris, the only defendant who has been served in this action, moves to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

■■ Plaintiff filed a "Memorandum of Law in Opposition to Defendants' Motion to Dismiss" ("Opp.Mem."). Thereafter, Morris filed a Reply Memorandum in which he raised two additional grounds for dismissal not contained in his original moving papers: (1) that the allegations against defendant Morris are conclusory, and (2) that plaintiff's claims are barred by the applicable statute of limitations. I remind defendant that "a reply brief is just that—a reply—aid is not an occasion to raise issues for the first time...." *Kadic v. Karadzic,* 1993 WL 385757, at *1 (S.D.N.Y. Sept.24, 1993). New issues raised in a reply may be treated as a nullity. *Id.* Nevertheless, the Prison Litigation Reform Act of 1995, which amends 28 U.S.C. § 1915A, permits me to review a complaint in its entirety and to determine, *sua sponte,* whether it fails to state a claim.[1] For the reasons discussed below, defendant's motion is **GRANTED** and the complaint is dismissed in its entirety.

### BACKGROUND

The following information is set forth in plaintiff's complaint. Defendant Hernandez arrested plaintiff in 1982, charging him with the crime of murder. Complaint at 3. Plaintiff was subsequently tried and convicted on this charge. The "principal evidence against the plaintiff, the evidence the jury relied upon to find plaintiff guilty of the crime," was the testimony of defendants Morris and Mullins regarding the victim's deathbed identification of plaintiff as the man who had shot him. *Id.* at 4. The victim's stepfather, Joseph Wallace, also testified at the trial, identifying plaintiff as the man who shot his stepson. *Id.* In other testimony, Preston Hallman "claimed that he witnessed the shooting and that plaintiff was the shooter." *Id.*

Both Hallman and Wallace later recanted their testimony, identifying another man as the shooter. Complaint at 4. Hallman indicated "that the ADA, Martin Fisher, paid him to frame[ ] plaintiff" *Id.* Plaintiff alleges that he received an affidavit from Wallace on September 28, 1995, which stated that Mullins and Hernandez told Wallace that plaintiff "was a reputed member of the New African Liberation and that the FBI were investigating plaintiff for his activities" and "coerced him into framing the plaintiff for the crime." *Id.* Wallace also indicated that he "went over [his] statements and testimonies [sic] with the ADA, Martin Fisher, at his office, to project the plaintiff as the perpetrator." *Id.*

### DISCUSSION

When determining whether plaintiff's allegations state a claim, a district court must "assess the legal feasibility of the complaint." *Smith v. O'Connor,* 901 F.Supp. 644, 646 (S.D.N.Y.1995) (citations omitted). The complaint should be dismissed only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Valmonte v. Bane,* 18 F.3d 992, 998 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

When considering defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must accept as true the factual allegations in the

---

1. The Court may sua sponte apply the screening provisions of the PLRA to complaints filed before April 26, 1996 (the effective date of the PLRA).

*McCray v. Kralik,* 1996 WL 378273 (S.D.N.Y. July 1, 1996).

complaint and construe all reasonable inferences in plaintiff's favor. *See generally Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994). I likewise apply this standard in evaluating plaintiff's claims under 28 U.S.C. § 1915A. Moreover, where, as here, plaintiff is proceeding *pro se,* I must "read the supporting papers liberally and ... interpret them to raise the strongest arguments that they suggest." *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995) (citations omitted). In so doing, I must hold plaintiff to a pleading standard which is "less stringent ... than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution, laws or treaties of the United States. 42 U.S.C. § 1983; *Sykes v. James,* 13 F.3d 515, 519 (2d Cir.1993), *cert. denied,* 512 U.S. 1240, 114 S.Ct. 2749, 129 L.Ed.2d 867 (1994). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes,* 13 F.3d at 519 (citations omitted).

Plaintiff challenges the legitimacy of his conviction by claiming that defendants subjected him to a false arrest, perjured themselves at trial, and orchestrated a malicious prosecution against him. *See Cook v. Sheldon,* 41 F.3d 73, 79 (2d Cir.1994) ("Section 1983 liability may ... be anchored in a claim for malicious prosecution, as this tort 'typically implicates constitutional rights secured by the fourteenth amendment, such as deprivation of liberty.'") *(citations omitted).* Plaintiff's contention that defendants acted in retaliation against him for his political activities, and in an effort to stifle those activities, suggests additional claims for retaliation in violation of plaintiff's first amendment rights, and for malicious abuse of criminal process. *See Mozzochi v. Borden,* 959 F.2d 1174, 1179

(2d Cir.1992) ("it has long been established that certain adverse governmental action taken in retaliation against the exercise of free speech violates the First Amendment."); *Cook v. Sheldon,* 41 F.3d at 79 (holding that abuse of process, motivated by "retaliation," is actionable under § 1983). Finally, plaintiff's claim that defendants "conspired" against him to "frame" him for murder also suggests a conspiracy to deny him equal protection under the law, actionable under § 1985(3).

## I. Plaintiff's Challenge To The Validity Of His Criminal Conviction

■ The Supreme Court has recently determined that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Thus, the plaintiff's § 1983 claim must be evaluated on the following basis:

> [The Court] must consider whether a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the [Court] determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit.

*Id.* 512 U.S. at 487, 114 S.Ct. at 2372–73. The gravamen of plaintiff's complaint is that he was "framed" for a murder he did not commit in retaliation for his political involvements. Most of plaintiff's claims arising out of this alleged scenario directly call into question the validity of his conviction, a conviction that has not been "reversed, ...

expunged" or otherwise invalidated. As required by *Heck*, these claims will be dismissed. *Id.*

## A. Malicious Prosecution And Perjury

■ Plaintiff's claims of malicious prosecution and perjured testimony perhaps most directly call into question the validity of his conviction and sentence. Indeed, several courts have applied the holding in *Heck* to dismiss claims under § 1983 seeking damages arising out of convictions allegedly obtained through police misconduct and perjury. *See, e.g., Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir.1994) (allegations that two police officers committed "numerous acts of perjury and coerced witnesses to wrongfully identify [plaintiff]" in state court criminal proceedings were properly dismissed where plaintiff "offered no proof that his conviction had been independently invalidated."); *Williams v. Schario*, 93 F.3d 527, 529 (8th Cir.1996) ("a judgment in Williams's favor on his damages claim that defendants engaged in malicious prosecution and presented perjured testimony would 'necessarily imply the invalidity of his conviction or sentence' ") (quoting *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372). Because plaintiff's conviction has not been reversed or otherwise invalidated, his claim of malicious prosecution must also be dismissed. *Id. see also Heck*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (upholding dismissal of a § 1983 claim analogized to a claim of malicious prosecution); *Hygh v. Jacobs*, 961 F.2d 359, 367 (2d Cir.1992) ("A cause of action for malicious prosecution may not be maintained where the prosecution was not terminated in [plaintiff's] favor.").

## B. First Amendment Retaliation And Abuse Of Process

■ Plaintiff's further claim that defendants prosecuted him with false testimony in order to retaliate against him for his exercise of his First Amendment rights must likewise be dismissed. A claim for retaliation cannot be sustained "when the criminal prosecution was supported by probable cause." *Mozzo-chi*, 959 F.2d at 1179–80 ("An individual does not have the right under the First Amendment to be free from a criminal prosecution supported by probable cause that is in reality an unsuccessful attempt to deter or silence criticism of the government."); *see also Singer v. Fulton County Sheriff*, 63 F.3d 110, 120 (2d Cir.1995) (upholding dismissal of First Amendment retaliation claim: "if the officer ... had probable cause ... then we will not examine the officer's underlying motive in arresting and charging the plaintiff."), *cert. denied*, —— U.S. ——, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996). Because plaintiff's retaliation claim would depend upon his demonstrating an absence of probable cause supporting the charges against him, that claim would necessarily call into question the validity of his conviction. The rule announced in *Heck* is designed to avoid just such " 'parallel litigation over the issues of probable cause and guilt. ...' " *Heck*, 512 U.S. at 484, 114 S.Ct. at 2371 (citations omitted). Accordingly, plaintiff cannot advance his retaliation claim until and unless his conviction is invalidated.[2]

At least one district court opinion suggests that this same approach, *i.e.,* avoiding parallel litigation on the issue of probable cause, could be adopted to dispose of plaintiff's abuse of process claim. *See Ferreira v. Westchester County*, 917 F.Supp. 209, 217 n. 8 (S.D.N.Y.1996). Without any citation to authority, the Court in *Ferreira* indicated that "a lack of probable cause," though not required to advance a state law claim for abuse of process, is an element of such a claim as it is "understood under § 1983." *Id.* This proposition, however, appears incorrect. In accepting that a § 1983 claim can be founded upon an alleged abuse of process, the Second Circuit expressly adopted the same elements for that claim as required under state law; no additional probable cause requirement was announced or otherwise insinuated. *See Cook*, 41 F.3d at 80; *see also Music Center v. Prestini Musical Instruments Corp.*, 874 F.Supp. 543, 556 (E.D.N.Y.1995) ("Probable cause ... is not

**2.** The decision in *Mozzochi* suggests a second basis for barring plaintiffs retaliation claim. Specifically, in his Complaint, plaintiff has not identified a single protected activity that he par-

ticipated in prior to his conviction, and that is no longer open to him as a result of his incarceration. *See Mozzochi*, 959 F.2d at 1180; *see also* Section IIB, *infra.*

an element of the tort of abuse of process."). Unlike his retaliation claim, then, plaintiffs abuse of process claim cannot be disposed of by the rule announced in *Heck. See Heck,* 512 U.S. at 486 n. 5, 114 S.Ct. at 2372 n. 5 ("favorable termination of prior proceedings is not an element of" an abuse of process claim). For this reason, plaintiff's abuse of process claim is treated separately in Section II, *infra.*

## C. False Arrest

■ Plaintiff's claim of false arrest is premature under the rule announced in Heck on much the same reasoning as is his First Amendment retaliation claim. Police officers arc not subject to § 1983 liability for false arrest where the disputed arrest was supported by probable cause. *See Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994). A prosecution and conviction, if not overturned, is conclusive evidence that an arrest was supported by the requisite probable cause. *Cameron v. Fogarty,* 806 F.2d 380, 387 (2d Cir.1986) ("the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested."); *see also Aleotti v. Baars,* 896 F.Supp. 1, 4 n. 2 (D.D.C.1995) ("Justification for plaintiff's arrest is established by the fact of his conviction, which remains valid."), *aff'd* 1996 WL 680175 (D.C.Cir. Oct.23, 1996). Thus, plaintiff's § 1983 false arrest claim

calls into question the validity of his criminal conviction. *See Heck,* 512 U.S. at 486–87 n. 6, 114 S.Ct. at 2372 n. 6 (citations omitted). Under *Heck,* then, plaintiff cannot proceed with that claim without first demonstrating that his murder conviction has been reversed or invalidated.[3] *Id. see also See Powers v. Sickler,* 1995 WL 146272, * 4 (N.D.N.Y. March 31, 1995) ("a valid conviction will bar plaintiff from asserting claims for false arrest, false imprisonment, or malicious prosecution").

## D. Section 1985(3) Conspiracy

■ *Heck* requires the dismissal of any claim that plaintiff might otherwise have, under 42 U.S.C. § 1985(3), relating to his allegation that defendants "conspired and framed plaintiff for [murder] simple [sic] because the plaintiff was a member of the New African Liberation Movement ..." Complaint at 4. As with plaintiff's malicious prosecution claim, his First Amendment retaliation claim, and his false arrest claim, any decision in plaintiff's favor on this claim—*i.e.,* that he was "framed" for murder—would necessarily call into question the validity of plaintiff's criminal prosecution and conviction. *See Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir.1983) (holding that limitations period on § 1985 claim that "defendants conspired to deny [plaintiff] fair trials and ... present[ed] false evidence and perjured testimony ... did not begin to run until reversal of his conviction"). As required by *Heck,* plaintiff must therefore await a favorable ter-

---

**3.** A recent Second Circuit decision, not concerned with the proper application of *Heck* to a § 1983 claim for false arrest, could lead to some confusion in this area. *See Weyant v. Okst,* 101 F.3d 845 (2d Cir.1996). In *Weyant,* the Second Circuit indicated that "in order to pursue a [§ 1983] claim for false arrest [plaintiff] was not required to show that the Town Court criminal proceeding ended in an adjudication that he was not guilty" on a charge of resisting arrest. *Id.* at 853. In *Heck,* however, the Supreme Court reasoned that a § 1983 false arrest claim could not proceed in the face of a conviction for resisting arrest, absent an initial showing that the conviction had been invalidated. 512 U.S. at 486–87 n. 6, 114 S.Ct. at 2372 n. 6. For present purposes, it is not necessary to reconcile these two decisions. Even if plaintiff theoretically can proceed with a § 1983 false arrest claim without first demonstrating a favorable resolution of the related

prosecution, his present claim must fail. First, plaintiff's false arrest claim was instituted in 1995, approximately 13 years following his arrest in 1982. If this action is not premature under *Heck,* it is too late under the applicable three year statute of limitations. *See Spigner v. City of New York,* 1995 WL 747813, * 1 (S.D.N.Y.1995) ("For a claim alleging false arrest, a plaintiff knows or should know of the injury on the date of the arrest. That a person may be unaware of the injury at the time of the arrest does not delay accrual of [his] claim for false arrest. The arrest itself gives a party 'reason to know' of the injury and therefore triggers the statute of limitations.") (citations omitted), *aff'd* 101 F.3d 1393 (2d Cir. 1996); *see also* Section IIA, *infra.* Second, as the Court recognized in *Weyant,* plaintiff's conviction—unless overturned on appeal—would serve as "conclusive evidence" barring plaintiffs claim under § 1983. *Weyant,* 101 F.3d at 852.

mination of his criminal case before he may proceed on this claim. *Id.*

## II. Abuse Of Process

■ Plaintiff's claim of abuse of process does not necessarily call into question the validity of his criminal conviction. *See Heck,* 512 U.S. at 486 n. 5, 114 S.Ct. at 2372 n. 5 ("it is true that favorable termination of prior proceedings is not an element of" a cause of action for abuse of process). Indeed, a plaintiff may proceed with a claim for abuse of process even where a related conviction remains valid and intact. *See Heck,* 512 U.S. at 495, 114 S.Ct. at 2376 (Souter, J., concurring) (citing the Restatement (Second) of Torts § 682 for the proposition that an abuse of process claim can proceed "regardless of favorable termination or want of probable cause"). To the extent that plaintiff's claim for abuse of process is not foreclosed by the rule announced in *Heck,* defendants contend that it is barred either by the applicable limitations period or because plaintiff's factual allegations are insufficient to support a claim for relief.

### A. Statute Of Limitations

■ Under § 1983, a claim must be commenced within the statute of limitations period applicable to personal injury actions occurring in the state in which the federal court sits. 42 U.S.C. § 1988 (1982); *Wilson v. Garcia,* 471 U.S. 261, 266–68, 279, 105 S.Ct. 1938, 1941–43, 1948–49, 85 L.Ed.2d 254 (1985). In New York, claims under § 1983 must be commenced within three years of the alleged violation. *See Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254; *Gleason v. McBride,* 869 F.2d 688 (2d Cir.1989). More particularly, a § 1983 claim accrues "when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm." *Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir.1994); *see also Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (A claim accrues under § 1983 "when the plaintiff knows or has reason to know of the injury which is the basis of his action . . . .") (citations omitted).

Ordinarily, a claim for abuse of process accrues at such time as the criminal process is set in motion—typically at arrest—against the plaintiff. *See Rose v. Bartle,* 871 F.2d 331, 350 (3d Cir.1989) ("a section 1983 claim for false arrest accrues on the date of the arrest, as does a section 1983 claim for abuse of process, because on that date a plaintiff 'would have reason to know of the injury which those two torts encompass.' "). However, accrual cannot be appropriate before such time as plaintiff is aware, or ought to be aware, of those facts providing a basis for his claim. *See Singleton,* 632 F.2d at 192 ("The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action."); *see also Pinaud v. County of Suffolk,* 52 F.3d 1139, 1157 (2d Cir.1995) ("Since an actionable claim under § 1983 against a county or municipality depends on a harm stemming from the municipality's 'policy or custom,' a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county 'policy or custom.' ") (citations omitted).

■ A claim for abuse of process includes, as an element, the requirement that such process was employed for an inappropriate "collateral objective." *See Cook,* 41 F.3d at 80 ("In New York, a malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process."). "Retaliation" can be such an objective. *Id.* According to the allegations in his Complaint, plaintiff was unaware that he was being retaliated against until September 28, 1995, when he received an affidavit detailing defendants' intention to stifle his political activities through a criminal prosecution. Complaint at 4. Because plaintiff purports to have been unaware, through no fault of his own, of facts sufficient to

support his abuse of process claim until 1995, his claim did not accrue before that time.

### B. Sufficiency Of Plaintiff's Factual Allegations

■ Though plaintiff's abuse of process claim is not barred under the applicable statute of limitations, it must be dismissed in light of plaintiff's vague and conclusory factual allegations. As already discussed, alleged "retaliation" lies at the core of plaintiff's claim for abuse of process. Though a *pro se* plaintiff's complaint must be liberally construed, "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir.1983); *see also DiNapoli v. DiNapoli,* 1995 WL 604607, *2 (S.D.N.Y. Sept.22, 1995).

■ Though he alleges that he was prosecuted in an effort to stifle his activity as a member of the New African Liberation Movement, plaintiff nowhere explains the nature of that activity prior to the prosecution against him. As a related matter, plaintiff fails to identify any protected conduct that is no longer open to him on account of his incarceration. *See Allen v. Steen,* 1995 WL 643846, * 3 (W.D.N.Y. Oct.19, 1995) ("The plaintiff only conclusorily alleges that certain acts of the defendants were taken 'because he was active in the Muslim community,' and does not present any fact from which a reasonable person could infer that his religious practices were improperly interfered with."); *see also DiNapoli,* 1995 WL 604607, * 2 ("plaintiff's bald accusation that the Surrogate's Court retaliated against him because he criticized the system is insufficient to support a claim in this Court."). Finally, only defendant Morris has been properly served; plaintiff's allegation of retaliation, however, is tied to an affidavit by one of the witnesses in the criminal trial against him indicating that "*defendants Mullins and Hernandez* told [the witness] that plaintiff was a reputed member of the New African Liberation Movement." Complaint at 4 (emphasis added).

In sum, plaintiff has alleged retaliation against defendants in only the most conclusory fashion, failing to provide this Court with any basis for assessing his claim that defendants—particularly the defendant now moving to dismiss—prosecuted him in an effort to stifle any particular protected activity. Therefore, plaintiff's claim for abuse of process must be dismissed. Nevertheless, plaintiff's allegations, though too vague, suggest that there may be some basis for his claim. Thus, if plaintiff is able to allege additional facts supporting his claim for abuse of process, the Court will permit him to do so in an amended complaint.[4]

### CONCLUSION

Defendant's Motion to Dismiss is granted. Additionally, the complaint, filed in forma pauperis under 28 U.S.C. § 1915, is dismissed because it fails to state a claim. 28 U.S.C. § 1915(e)(2). However, plaintiff is permitted leave to refile, within 45 days from the issuance of this opinion, an amended complaint setting forth additional facts, if present, necessary to support his claim for abuse of process.

All other of plaintiff's claims are dismissed with prejudice. Further, I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 920–21, 8 L.Ed.2d 21 (1962). The Clerk of the Court is directed to enter judgment dismissing the complaint against defendants in its entirety.

**SO ORDERED:**

---

4. Even a successful claim for abuse of process would likely lead to no greater than a nominal recovery. The Supreme Court in *Heck* indicated that a plaintiff pursuing an abuse of process claim—while not necessarily required to demonstrate the invalidity of his criminal conviction—would be severely limited in his potential damages recovery by a valid conviction. *Heck,* 512 U.S. at 486 n. 5, 114 S.Ct. at 2372 n. 5. Plaintiff should therefore consider the wisdom of pursuing his abuse of process claim, even if it exists, without first securing the reversal of his criminal conviction.