**Dominic DOLNEY, Plaintiff,**

v.

**Patricia Jean LAHAMMER, f/k/a Patricia Dolney, Defendant.**

**No. Civ 96–1030.**

United States District Court,
D. South Dakota,
Northern Division.

Nov. 8, 1999.

Scott G. Hoy, Scott Hoy Trial Lawyers, Sioux Falls, SD, for plaintiff.

Terry J. Sutton, Sutton & Bauer Law Office, Watertown, SD, for defendant.

## MEMORANDUM OPINION AND ORDER

MORENO, United States Magistrate Judge.

(¶ 1) In this civil rights action, defendant, Patricia Jean Lahammer, f/k/a Patricia Dolney, (hereafter Lahammer) moved for summary judgment and plaintiff, Dominic Dolney, (hereafter Dolney) opposed the same. The Motion was heard on November 5, 1999 via telephone conference hookup. Having considered all of the records on file herein as well as the statements and arguments of counsel, the Court, for the reasons articulated below, dismisses the action under Fed.R.Civ.P. 12(b)(1), but without prejudice.

### *FACTS AND PROCEDURAL HISTORY*

(¶ 2) While a prisoner in the custody of the South Dakota Department of Corrections (DOC), Dolney brought suit against Timothy Gross, a parole officer for DOC, and Lahammer, his wife, under 42 U.S.C. §§ 1983 and 1985, contending that his constitutional rights were violated. In his original complaint, Dolney alleged that the actions and conduct of Gross and Lahammer resulted in his parole revocation and recommitment and deprived him of equal protection and due process of law. After the district court granted Gross's summary judgment motion and dismissed him as a defendant, Dolney appealed. The Eighth Circuit dismissed the appeal for lack of jurisdiction and the parties later consented to this Court conducting any and all further proceedings, including trial and entry of a final judgment, in accordance with 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73(b).

(¶ 3) When this Court, during a telephonic pretrial conference, brought up concerns it had about the viability of the claims raised in the complaint, Dolney requested leave to amend his complaint and was allowed to file an amended complaint. His amended complaint continues to seek relief under §§ 1983 and 1985 based on equal protection and due process deprivations caused by and as a result of his parole revocation and recommitment. Dolney, both now and at the time he filed his amended complaint, is once again a parolee, under the supervision of DOC, having completed his prison term on his underlying theft convictions.

### *DISCUSSION*

### I. Subject Matter Jurisdiction

(¶ 4) Although neither party addressed the issue, it is an elementary proposition of law that a court has a duty to inquire, *sua sponte*, into its subject matter jurisdiction and to proceed no further if jurisdiction is lacking. *See State of Missouri v. Cuffley*, 112 F.3rd 1332, 1334 (8th Cir.1997); *see generally*, 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* §§ 1350, n. 15 & 1393, n. 11 (1999). No matter how tempting it may be, a court must avoid "scratching the intellectual itch" of what may be appeasing claims unless it has jurisdiction over them. This Court is persuaded that jurisdictional constraints pre-

clude it from inquiring into and deciding the merits of Dolney's claims. *See Kruger v. Erickson,* 77 F.3d 1071, 1073–75 (8th Cir.1996).

## II. 42 U.S.C. § 1983 CLAIM

### A. *Heck v. Humphrey*

(¶ 5) In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court was confronted with the question of whether a state prisoner could challenge the constitutionality of his conviction in a suit for damages under § 1983. 512 U.S. at 478, 114 S.Ct. 2364. In his complaint, Roy Heck sought money damages, not release from confinement. *Id.* at 479, 114 S.Ct. 2364. He alleged that the county prosecutors and a state police investigator had engaged in unlawful investigatory practices leading to his arrest and knowingly destroyed exculpatory evidence. *Id.* He also alleged that these defendants used "unlawful voice identification procedure" at trial. *Id.* In substance, Heck contended that his criminal conviction had been obtained by the unlawful acts of defendants and he sought damages for the injuries he suffered therefrom.

(¶ 6) The Supreme Court held that Heck's § 1983 action for damages was not cognizable. 512 U.S. at 490, 114 S.Ct. 2364. In doing so, the Court announced what has later been referred to as the "*Heck* rule":

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so

invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486–87, 114 S.Ct. 2364 (footnotes omitted).

(¶ 7) Thus, to comply with the *Heck* rule, a prisoner, as a condition precedent to maintaining his § 1983 action, must establish that his conviction or sentence has been overturned or invalidated by an administrative board, or by a state or federal court in a habeas proceeding. Alternatively, if his suit is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that the suit does not "necessarily imply the invalidity of his conviction or sentence."

### B. *Edwards v. Balisok.*

(¶ 8) In *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court held that a prisoner's § 1983 claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of a hearing officer, was not cognizable where the hearing resulted in a revocation of the prisoner's good time credits. 520 U.S. at 648, 117 S.Ct. 1584. Although Jerry Balisok was found guilty of four prison infractions and sentenced to 10 days in isolation and 20 days in segregation, *id.* at 643, 117 S.Ct. 1584, the Court seemed to focus exclusively on the loss of his good-time cred-

its which, of course, impacted the overall length of his sentence.

(¶ 9) In its decision, the *Edwards* Court rejected Balisok's distinction between challenges premised on the procedures used as opposed to the result of the hearing. *Id.* at 644–48, 117 S.Ct. 1584. The Court explained that even though Balisok, unlike the plaintiff in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), did not request·that his good-time credits be restored, a favorable ruling on his procedural claims would "necessarily vitiate" the administrative revocation of these credits. 520 U.S. at 643, 645–46, 117 S.Ct. 1584. The Court therefore concluded that, consistent with *Preiser* and *Heck*, Balisok's § 1983 claim was not cognizable until the prison's decision had been reversed by an administrative tribunal or by a state or federal court in a habeas proceeding. 520 U.S. at 646–48, 117 S.Ct. 1584.

### C. *Spencer v. Kemna.*

(¶ 10) In *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), Randy Spencer filed a habeas corpus petition, under 28 U.S.C. § 2254, seeking to invalidate an order revoking his parole. 523 U.S. at 3–5, 118 S.Ct. 978. After the petition was filed but before it had been ruled upon, Spencer completed the entire term of imprisonment underlying his parole revocation. *Id.* at 6, 118 S.Ct. 978. The Supreme Court thereafter agreed to consider whether the expiration of Spencer's sentence rendered his petition moot. *Id.* at 3, 7, 118 S.Ct. 978.

(¶ 11) The Court held that the habeas petition was properly dismissed as moot because it did not present a case or controversy as required by Article III, § 2 of the Constitution. 523 U.S. at 7–16, 118 S.Ct. 978. In doing so, the Court acknowledged that a prisoner's challenge to his conviction always meets Article III's case or controversy requirement, *id.* at 7, 118 S.Ct. 978, but nonetheless declined to extend this presumption to Spencer's parole revoca-

tion, *id.* at 8–14, 118 S.Ct. 978. In the Court's view, the collateral consequences of such a revocation were too speculative and remote to meet the injury-in-fact requirements of Article III. *Id.* at 14–16, 118 S.Ct. 978.

(¶ 12) Spencer, however, raised an additional argument why he should be allowed to pursue habeas relief. He claimed that unless he were allowed to establish the invalidity of his parole revocation through a habeas petition, the *Heck* rule, would bar him from pursuing a § 1983 damages claim based on the revocation. 523 U.S. at 17, 118 S.Ct. 978. The majority rejected this argument, suggesting *in dictum* that such a claim might have been available if Spencer had challenged the procedures used by the parole board, rather than its result, and if the alleged procedural defect did not " 'necessarily imply the invalidity of' the revocation." *Id.*

(¶ 13) The two concurring opinions in *Spencer* likewise addressed the availability of § 1983 in light of the *Heck* rule. 523 U.S. at 18–22, 118 S.Ct. 978 (Souter and Ginsburg, J.J., concurring). These opinions reveal that five justices are of the view that the rule does not apply to a § 1983 plaintiff who is no longer in custody and therefore unable, as a matter of law, to bring a habeas petition and challenge his conviction or sentence. *Id.*

(¶ 14) Thus, in the eyes of a majority of the justices, where federal habeas corpus is not available to address constitutional wrongs, § 1983 must be. This view was first expressed by Justice Souter in his *Heck* concurrence wherein he opined that *Heck* should be read as creating a favorable-termination requirement *only* for those persons who are "in custody" and as such, have federal habeas corpus available to them. 523 U.S. at 20, 118 S.Ct. 978. He pointed out that to read *Heck* more broadly:

would needlessly place at risk the rights of those outside the intersection of § 1983 and the habeas statute, individu-

als not "in custody" for habeas purposes. If these individuals (people who were merely fined, for example, or who have completed short terms of imprisonment, probation, or parole, or who discover (through no fault of their own) a constitutional violation after full expiration of their sentences), like state prisoners, who were required to show the prior invalidation of their convictions or sentences in order to obtain § 1983 damages for unconstitutional conviction or imprisonment, the result would be to deny any federal forum for claiming a deprivation of federal rights to those who cannot first obtain a favorable state ruling. The reason, of course, is that individuals not "in custody" cannot invoke federal habeas jurisdiction, the only statutory mechanism . besides § 1983 by which individuals may sue state officials in federal court for violating federal rights. That would be an untoward result.

*Heck*, 512 U.S. at 500, 114 S.Ct. 2364 (Souter, J., concurring). Justice Souter's concurrence in *Heck* was joined by Justices Blackmun, Stevens and O'Connor. 512 U.S. at 491, 114 S.Ct. 2364. Justice Ginsburg, as evidenced by her concurrence in *Spencer*, has come to agree with Justice Souter's reasoning in *Heck. See* 523 U.S. at 21–22, 118 S.Ct. 978. Although Justice Blackmun retired after *Heck* was decided, his replacement, Justice Breyer, showed his support for Justice Souter's viewpoint when he, along with Justices O'Connor and Ginsburg, joined Justice Souter's concur-

rence in *Spencer*, reiterating and expounding on that view. 523 U.S. at 18–21, 118 S.Ct. 978. Despite being the lone dissenter in *Spencer*, Justice Stevens did note that "[g]iven the Court's holding that [Spencer] does not have a remedy under the habeas statute, it is perfectly clear, as Justice Souter explains, that he may bring an action under § 1983." *Id.* at 25, n. 8, 118 S.Ct. 978. (Stevens, J., dissenting).[1]

## D. Application

 (¶ 15) Dolney seeks damages under § 1983 for deprivation of his equal protection and due process rights based on alleged conspiratorial conduct that led to and resulted in the revocation of his parole and reincarceration. The linchpin of and basis for his damages claims is the parole revocation. At all times relevant herein, Dolney has been "in custody" as either a prisoner or a parolee and as such could have attacked the propriety of his parole revocation under 28 U.S.C. § 2254. *Spencer*, 523 U.S. at 7, 118 S.Ct. 978; *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Jones v. Cunningham*, 371 U.S. 236, 240–43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *see also, Jones v. Jerrison*, 20 F.3d 849, 852 n. 2 (8th Cir.1994); *United States v. Tunstall*, 17 F.3d 245, 246 n. 3 (8th Cir.1994). Instead, he chose to claim that his revocation was unconstitutional and to seek relief under § 1983 in the form of compensatory and punitive damages. Because a judgment in Dolney's favor would "necessarily imply the invalidity" of his revocation pro-

---

1. Several circuit and district courts have adopted the view, articulated by Justices Souter and Ginsburg in their *Spencer* concurrences, that the rule in *Heck* only applies to § 1983 plaintiffs whose confinement may be collaterally challenged. *See, e.g., Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 n. 3 (6th Cir.), *petition for cert. filed*, (Sept. 29, 1999) (No. 99–562); *Jenkins v. Haubert*, 179 F.3d 19, 26–27 (2d Cir.1999); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 n. 6 (9th Cir.1998); *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 426, 142 L.Ed.2d 347 (1998); *Haddad v. State of California*, 64 F.Supp.2d 930, 936–37

(C.D.Cal. 1999); *Harper v. Blanco*, No. 3:97–CV–2058–AH, 1999 WL 7834 at *2–3 (N.D.Tex., Jan.5, 1999); *White v. Phillips*, 34 F.Supp.2d 1038, 1039–42 (W.D.La.1998); *Johnson v. Freeburn*, 29 F.Supp.2d 764, 775 (E.D.Mich.1998); *Zupan v. Brown*, 5 F.Supp.2d 792, 796–97 (N.D.Cal.1998); *but see, Figueroa v. Rivera*, 147 F.3d 77, 81 n. 3 (1st Cir.1998) (declining to follow the new majority position). This Court joins these courts and adopts Justice Souter's reasoning in *Heck* and *Spencer*, to-wit: that individuals who have no recourse to habeas relief, because they are not "in custody", come within the "broad reach" of § 1983.

ceeding and because the revocation itself has not been reversed, expunged, validated or called into question by either an executive order or a state or federal tribunal, a § 1983 action is not cognizable at this juncture. *Spencer,* 523 U.S. at 17–22, 118 S.Ct. 978 (majority and concurring opinions); *Edwards,* 520 U.S. at 645–48, 117 S.Ct. 1584; *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364; *see also, White v. Gittens,* 121 F.3d 803 (1st Cir.1997) (barring § 1983 claim for damages and declaratory relief regarding state decision to revoke parole); *Butterfield v. Bail,* 120 F.3d 1023 (9th Cir.1997) (prohibiting § 1983 damage action challenging state parole ineligibility decision); *Crow v. Penry,* 102 F.3d 1086 (10th Cir.1996) (claim that parole revocation was invalid based upon false statements made in parole violation warrant and general due process violations associated with revocation of parole "necessarily implies the invalidity of his parole revocation" and therefore is cognizable only in habeas corpus); *Burkett v. Love,* 89 F.3d 135 (3d. Cir.1996) (ordering dismissal based on failure to exhaust state remedies of prisoner's claim that parole was denied in retaliation for prior successful habeas petition); *McGrew v. Texas Board of Pardons & Paroles,* 47 F.3d 158 (5th Cir.1995); ("an action attacking the validity of parole proceedings calls into question the fact and duration of confinement" and therefore must be brought as a petition for writ of habeas corpus); *Schafer v. Moore,* 46 F.3d 43 (8th Cir.1995) *(per curiam )* (dismissing prisoner's challenge to denial of state parole).

### III. 42 U.S.C. § 1985 CLAIM

(¶ 16) Although *Heck,* on its face, addresses only actions brought under § 1983, courts have expanded the contours of *Heck* to reach 42 U.S.C. § 1985 and other civil rights statutes. *See, e.g., Amaker v. Weiner,* 179 F.3d 48, 51 (2d Cir.1999); *Williams v. Hill,* 74 F.3d 1339, 1340 (D.C.Cir.1996); *Matthews v. Caillouet,* Civ.A. 99–1587, 1999 WL 787650 at *2 (E.D.La. Oct.1, 1999) *Nuno v. County of San Bernardino,*

58 F.Supp.2d 1127, 1130, n. 3, 1134 (C.D.Cal.1999); *Hazel v. Reno,* 20 F.Supp.2d 21, 23–24 (D.D.C.1998); *Rashid v. Monteverde & Hemphill,* Civ A. 95–2449, 1997 WL 360922 at *7–8 & n. 17 (E.D.Pa. Jun.24, 1997), *aff'd,* 149 F.3d 1165 (3d Cir.1998); *Martinez v. Ensor,* 958 F.Supp. 515, 517–18 & n. 1 (D.Colo.1997); *Duamutef v. Morris,* 956 F.Supp. 1112, 1117 (S.D.N.Y.1997). This Court does not believe that the rule announced in *Heck* was intended to be cabined only to § 1983. A close reading of *Heck* reveals that it does not rest on statutory language, legislative history, comity or considerations that are unique to § 1983 actions. Instead, it rests on the need for finality in criminal cases and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred suit unless the criminal prosecution ended in plaintiff's favor.

(¶ 17) Here, Dolney claims no injury distinct from his parole revocation. The "conspiracy" that he envisions and the specific overt acts that he alleges furthered the conspiracy and resulted in a violation of his constitutional rights revolve around and arise out of the validity of the revocation. If Dolney obtained a favorable decision in the case at hand, it would necessarily call into question the validity of his revocation and recommitment. *Heck,* 512 U.S. at 487, 114 S.Ct. 2364. Accordingly, his amended complaint must be dismissed unless he can demonstrate that the revocation has already been invalidated. Inasmuch as his revocation has never been set aside, tempered or even modified, Dolney cannot recover damages for the actions of those who allegedly brought about the revocation.

(¶ 18) Indeed, to permit Dolney to prosecute his case would merely vest him with yet another opportunity to collaterally impugn the legitimacy of his parole revocation. By applying *Heck* to the present case, this Court precludes Dolney from

undermining the important need for finality in connection with criminal proceedings.

## CONCLUSION

(¶ 19) For the foregoing reasons, the above-captioned action is dismissed for lack of subject matter jurisdiction but without prejudice to Dolney's right to re-file the action when and if he satisfies the requirements set forth in *Heck. See Heck,* 512 U.S. at 479, 490, 114 S.Ct. 2364 (affirming the dismissal without prejudice of a § 1983 action which was not cognizable); *see also, White,* 121 F.3d at 807 (concluding that a dismissal of a § 1983 action, held not to be cognizable under *Heck,* must be without prejudice); *Sheldon v. Hundley,* 83 F.3d 231, 233–34 (8th Cir. 1996) (same) *Fottler v. United States,* 73 F.3d 1064, 1065–66 (10th Cir.1996) (same); *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995) *(per curiam )* (same); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) *(per curiam )* (same).

## ORDER

(¶ 20) Based on the discussion and analysis set forth above, the totality of the circumstances present and good cause appearing, it is hereby

(¶ 21) ORDERED that the instant civil rights action brought by Dolney against Lahammer, the remaining defendant, shall be and is DISMISSED WITHOUT PREJUDICE. It is further

(¶ 22) ORDERED that Lahammer's Motion for Summary Judgment, Docket No. 55, shall be and is DENIED AS MOOT.